IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01533-CNS-NRN

JASON WEISS,

Plaintiff,

v.

MEGAN VASQUEZ, Mayor of Elizabeth, CO;
MICHELLE OESER, Town Clerk of Elizabeth, CO;
STEVEN HASLER, Chief of Police of Elizabeth, CO;
SEAN BIGLER, Sgt. with Elizabeth Police Dept.;
OFFICER J. ROGERS, Officer with Elizabeth Police Dept.; and
TOWN OF ELIZABETH

Defendants.

---

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS TO DISMISS
(Dkt. ##24 & 25)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This case is before the Court pursuant to an Order (Dkt. #40) issued by Judge Charlotte N. Sweeney referring Defendant Steven Hasler's Motion to Dismiss (Dkt. #24) and Defendants Megan Vasquez, Michelle Oeser, Sean Bigler, and the Town of Elizabeth's ("Elizabeth" or the "Town") (collectively, "Defendants") Motion to Dismiss. (Dkt. #25.) Plaintiff Jason Weiss filed a response (Dkt. #38), and Defendants filed replies. (Dkt. ##40 & 41.) On September 15, 2022, the Court heard argument on the subject motions. (*See* Dkt. #46.) The Court has taken judicial notice of the Court's file and considered the applicable Federal Rules of Civil Procedure and case law. Now,

being fully informed and for the reasons discussed below, it is **RECOMMENDED** that the subject motions be **GRANTED**.

## BACKGROUND

### I. Mr. Weiss's Allegations[1]

Mr. Weiss was running in a recall election for mayor of Elizabeth, Colorado against Defendant Megan Vasquez, the incumbent. He placed campaign signs on his private property and that of his supporters. On March 24, 2020, his campaign signs were found in the trunk of the patrol car of Defendant Sean Bigler, a sergeant with the Elizabeth Police Department. At least one sign was destroyed.

Mr. Weiss alleges that Defendants Bigler, Vasquez, Elizabeth Town Clerk Michelle Oeser, Elizabeth Chief of Police Steven Hasler, and Elizabeth Police Department Officer J. Rogers[2]

> conspired to suppress Plaintiff's campaign, infringe upon his First Amendment Rights, and participate meaningfully in the political process of the recall election by removing Plaintiff's campaign signs because Plaintiff suffered the same suppression and infringement of his Constitutional Rights when he ran as a candidate for a Board of Trustees position.

Mr. Weiss asserts three causes of action. The first is brought pursuant to 42 U.S.C. § 1983 for violating his First and Fourteenth Amendment rights.[3] The second is a

---

[1] Unless otherwise noted, all allegations are taken from Mr. Weiss's Amended Complaint (Dkt. #21) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[2] Defendant Officer J. Rogers was added as a party in the Amended Complaint but was not served with a summons or the pleading, despite Officer Rogers' counsel's apparent willingness to waive service under Rule 4. (*See* Dkt. #33.)

[3] The Amended Complaint also alleges Defendants violated Mr. Weiss's Fifth Amendment rights by "destroying his property without just compensation," but he withdrew this claim in his response (*see* Dkt. #38 at 1) so the Court will not address it.

42 U.S.C. § 1985(3) claim for conspiring to interfere with Mr. Weiss's civil rights by removing/destroying his campaign signs. The third claim is brought against the Town of Elizabeth for infringing Plaintiff's First Amendment free speech rights.

## II. The Motions to Dismiss

Defendants moved to dismiss Mr. Weiss's Amended Complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant Hasler argues that he is entitled to qualified immunity because Mr. Weiss has failed to allege personal participation in a specific constitutional violation. Defendants Vasquez, Oeser, and Bigler likewise contend that they are entitled to qualified immunity. Finally, the Town of Elizabeth argues that Mr. Weiss's municipal liability claim fails as a matter of law. The Court agrees with all these arguments and recommends that the Amended Complaint be dismissed.

## **LEGAL STANDARDS**

### I. Motion to Dismiss Under Rule 12(b)(6)

Rule 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."

*Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First, the Court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the factual allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the Court need not accept conclusory allegations without supporting factual averments. *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

## II. Sections 1983 and 1985 and Qualified Immunity

In suits brought against officials in their individual capacities, officials may raise the defense of qualified immunity. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985). The doctrine of qualified immunity protects government officials from individual liability in the course of performing their duties so long as their conduct does not violate clearly established constitutional or statutory right*s. Washington v. Unified Gov't of Wyandotte Cnty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff who must establish that (1) the defendant violated a right, and (2) the right was clearly established. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). "In their discretion, courts are free to decide which prong to address first in light of the circumstances of the particular case at hand." *Weise v. Casper*, 593 F.3d 1163, 1167 (10th Cir. 2010) (quotation omitted).

## **ANALYSIS**

## I. Claims Brought Against Individual Defendants

### a. 42 U.S.C. § 1985(3)

42 U.S.C. § 1985(3) provides in full:

If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done,

5

> any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

To demonstrate a *private* conspiracy under § 1985(3), which is the statute cited by Mr. Weiss in his Amended Complaint, a plaintiff must prove "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." The plaintiff must also show the conspiracy was motivated by racial or other class-based animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Regarding this last requirement, the Supreme Court has explained:

> The constitutional shoals that would lie in the path of interpreting § 1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by the sponsors of the limiting amendment. . . . The language requiring intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.

*Id.*

The Tenth Circuit has set forth the elements necessary to state a claim under § 1985(3) for a non-racially motivated private conspiracy: the plaintiff must plead that the conspiracy is motivated by a class-based invidiously discriminatory animus, and that the conspiracy is aimed at interfering with rights that, by definition, are protected against private, as well as official, encroachment. *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Mr. Weiss does not allege any racial or other class-based animus, as is necessary under *Griffin* and *Tilton*. Moreover, neither the First nor the Fourteenth Amendment enumerate rights that are protected against private infringement. *See id.*

6

(holding that the First, Fifth, and Fourteenth Amendments "do not erect a shield against merely private conduct however discriminating or wrongful").

In any event, Mr. Weiss's allegations that the defendants conspired with each other are conclusory. "Section 1985(3) conspiracy claims cannot stand on 'vague and conclusory allegations'; but rather, 'must be pled with some degree of specificity.'" *O'Connor v. St. John's Coll.*, 290 F. App'x 137, 141 (10th Cir. 2008) (quoting *Ctr. for Bio–Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 832 (6th Cir.2007)); *see also Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir.1994) (observing that "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim" (quotation omitted)). Thus, Mr. Weiss fails to state a claim for conspiracy under §1985(3) upon which relief can be granted.

### b. 42 U.S.C. § 1983

42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute . . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 creates a "species of tort liability" that provides relief to persons deprived of rights secured to them by the Constitution. *Carey v. Piphus*, 435 U.S. 247, 253 (1978) (quotations omitted).

In pertinent part, the First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech . . . ." U.S. Const. amend. I. The Fourteenth Amendment states: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1. The Due Process Clause encompasses two distinct forms of protection: (1)

procedural due process, which requires a state to employ fair procedures when depriving a person of a protected interest; and (2) substantive due process, which guarantees that a state cannot deprive a person of a protected interest for certain reasons. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998)).

Personal participation by a defendant is an essential element of a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A supervisor can only be held liable for his own deliberate intentional acts. *See Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."). Three elements are required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation, and (3) state of mind. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013).

Mr. Weiss has failed to adequately allege that any of the individual defendants personally participated in violating his constitutional rights. The only factual allegations as to Defendants Vasquez, Oeser, and Hasler is that they were, respectively, the mayor, town clerk, and police chief, and that Mr. Weiss's campaigns (at least his earlier board of trustees campaign) targeted them and their policies. Supervisory responsibilities or abstract authority over subordinates alone is not enough to show personal participation, however. The only affirmative link between these defendants and

the alleged constitutional deprivations is Mr. Weiss's wholly conclusory claim that they conspired against him. The Amended Complaint fails to set forth any specific facts that are necessary to state a claim under Rule 12.

Mr. Weiss also alleges that his campaign signs were found in the back of Defendant Bigler's car. While it is unclear from the Amended Complaint, Mr. Weiss's response brief explains that Officer Rogers, not Defendant Bigler, is the individual responsible for removing the signs. But Officer Rogers, having not been served, is not a party to this action. Because Mr. Weiss does not describe how *Defendant Bigler* personally participated in violating his First or Fourteenth Amendment rights, he cannot maintain a § 1983 claim against him.

Mr. Weiss's Amended Complaint does not plausibly allege that Defendants Hasler, Vasquez, Oeser, or Bigler violated his constitutional rights. Accordingly, they are entitled to qualified immunity.

## II. Municipal Liability

Mr. Weiss also asserts a municipal liability claim against the Town of Elizabeth for infringing upon his First Amendment rights to free speech. He argues that the Town's provisions in its Municipal Code that legislate the display of political campaign signs "do not achieve a compelling state interest" and "are not the least restrictive alternative in achieving any compelling state interest; assuming there even is one to begin with."

There are two types of First Amendment challenges that can be brought against a city policy, facial and as applied. A facial challenge considers the restriction as a whole, while an as-applied challenge tests the application of that restriction to the facts

9

of a plaintiff's concrete case. *Faustin v. City & Cnty. of Denver, Colo.*, 423 F.3d 1192, 1196 (10th Cir. 2005). Facial challenges seek to vindicate not only individual plaintiffs' rights but also those of all others who wish to engage in the speech being prohibited. *See id.*

Upon review of the Amended Complaint, Mr. Weiss appears to make a facial challenge to the Town's written policy. Insofar as he does, this claim fails. Mr. Weiss cites generally Chapter 16, Article XII of the Municipal Code. But this article contains numerous sections. The Court agrees with the Town that Mr. Weiss's failure to identify the specific restrictions that he is challenging violates *Iqbal*'s requirement that a pleading have sufficient specificity to demonstrate a defendant's liability.

Mr. Weiss's response brief compounds the Court's confusion over the municipal liability claim when he argues, relying on facts not contained in the Amended Complaint, that his signs were removed for non-compliance with the Town's requirement that signs have the date they were displayed identified in the lower right corner. He then argues that the Town's policy mandates that he be given notice if his properly permitted signs were not code-compliant, but the Town failed to give the required notice. Thus, Mr. Weiss seemingly argues that his constitutional rights were violated because Officer Rogers—who, again, is not a party to this suit—*violated* the Town's policy of notifying landowners of any code violation. In other words, he does not challenge the Town's notice requirements. Instead, he asserts his rights were violated when the Town's written notice requirements were not followed by a Town employee. The law is well-established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 694 (1978). Instead, "the government as an entity" may only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 694. Mr. Weiss has not made any such allegation here.

## RECOMMENDATION

It is hereby **RECOMMENDED** that Defendants' Motions to Dismiss (Dkt. ##24 & 25) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,** *Thomas v. Arn***, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.***, 183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse***, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:   October 6, 2022
        Denver, Colorado

N. Reid. Neureiter
United States Magistrate Judge