IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-01533-CNS-NRN

JASON WEISS,

    Plaintiff,

v.

MEGAN VASQUEZ, Mayor of Elizabeth, CO,
MICHELLE OESER, Town Clerk of Elizabeth, CO,
STEVEN HASLER, Chief of Police of Elizabeth, CO,
SEAN BIGLER, Sgt. With Elizabeth Police Dept.,
OFFICER J. ROGERS, Officer with Elizabeth Police Dept., and
TOWN OF ELIZABETH,

    Defendants.

## ORDER

Before the Court is Plaintiff's Objection to United States Magistrate Judge Neureiter's Report and Recommendation on Defendants' motions to dismiss. (ECF Nos. 24, 25, 47, 48). For the following reasons, the Court AFFIRMS and ADOPTS the Recommendation.

### I. BACKGROUND

This case arises from the alleged removal of Plaintiff's political signs from private property in Elizabeth, Colorado. (ECF No. 21). The factual background of the case is set forth in the Magistrate Judge's Recommendation and the Court incorporates that summary herein. (ECF No. 47). Plaintiff filed a civil action raising three claims: (1) violation of Plaintiff's First, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 against Defendants; (2) conspiracy to

1

interfere with civil rights under 42 U.S.C. § 1985 against Defendants; and (3) violation of Plaintiff's First Amendment rights against the municipality. (ECF No. 21, pp. 3-5). On September 15, 2022, the Magistrate Judge heard oral arguments on Defendants' motions to dismiss and took them under advisement. (ECF No. 46). Magistrate Judge Neureiter recommended granting the motions to dismiss, finding that: (1) Plaintiff failed to state a claim for conspiracy under 42 U.S.C. § 1985(3) and his allegations were conclusory; (2) Plaintiff failed to state a § 1983 claim and (a) failed to allege that the individual defendants personally participated in the alleged constitutional violations and (b) failed to serve the actual individual who was allegedly responsible for removing Plaintiff's political signs; (3) Plaintiff failed to identify a specific restriction that violated his constitutional rights, citing only Chapter 16, Article XII of the Municipal Code, in order to plead a First Amendment municipality violation; (4) Plaintiff failed to allege that the municipality failed to give notice that his political signs were not code-compliant. (ECF No. 47).

Plaintiff timely filed his Objection,[1] arguing that: (1) Plaintiff has adequately pled facial and as-applied First Amendment claims against the municipality and various officials in their official capacity and (2) the Recommendation improperly construed Plaintiff's claims against the municipality as a challenge to the behavior of municipality's agents instead of a challenge to the Town's regulatory limits on political speech. (ECF No. 48). In the alternative, Plaintiff requests supplemental briefing on the motions to dismiss or leave to amend in order to "leave to amend the complaint to more precisely name the official capacity defendants, the Town code provisions being

---

[1] The Court reminds counsel to review the Uniform Civil Practice Standards and D.C.COLO.LCivR 10.1(e) for proper formatting; all pleadings and documents shall be double-spaced.

challenged, and to make the facial and as-applied nature of the First Amendment claims explicit." (ECF No. 48, p. 2).

## II. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057, 1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true and interpreted in the light most favorable to the non-moving party, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed; however, a complaint may be dismissed because it asserts a legal theory not cognizable as a matter of law. *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007); *Golan v. Ashcroft*, 310 F. Supp. 2d 1215, 1217 (D. Colo. 2004). A claim is not plausible on its face "if [the allegations] are so general that they encompass

a wide swath of conduct, much of it innocent," and the plaintiff has failed to "nudge[ the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).  The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotations and citation omitted).

### III.  ANALYSIS

#### A.  Objections Not Raised and Conceded Claims

Plaintiff did not object to the Recommendation's dismissal of his conspiracy claim under 42 U.S.C. § 1985(3) or that qualified immunity applied to bar his 42 U.S.C. § 1983 claims against the individual Defendants in their official capacity.  A party's failure to file such written objections may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  When this occurs, the Court is "accorded considerable discretion" and "may review a magistrate's report under any standard it deems appropriate."  *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas*, 474 U.S. at 150).  After reviewing all the relevant pleadings, the Court concludes that Magistrate Judge Neureiter's analysis was thorough and comprehensive, the Recommendation is well-reasoned, and the Court finds no clear error.

#### B.  Violations of First Amendment via 42 U.S.C. § 1983 against the Municipality and Officials in their Official Capacity

Magistrate Judge Neureiter concluded that the individual Defendants were entitled to qualified immunity on Plaintiff's claims under 42 U.S.C. § 1983 against them in their individual capacities.  Plaintiff does not challenge this conclusion and the Court adopts it.

Instead, Plaintiff objects and argues that the Recommendation assumed incorrectly that the Amended Complaint raised claims against the officials in their individual capacity when in actuality they were named in their official capacity because their official titles were listed next to their names in the case caption. (ECF No. 48, pp 1-2). The Supreme Court has noted that "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both. [The court should look at t]he course of proceedings in such cases [as it] typically will indicate the nature of the liability sought to be imposed." *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985).

Even if the Court gives Plaintiff the benefit of the doubt that he raised claims against the individual Defendants only in their official capacity, such claims would still fail. A claim against a public employee in his official capacity is the same as asserting a claim against the municipality or county *Johnson v. Bd. of Cnty. Comm'rs for Cnty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996). As the municipality is named as a Defendant in this action, the official capacity claims against the individual officials are redundant and the claims against the individual Defendants in their official capacities are dismissed without prejudice. *See French v. City of Cortez*, 361 F. Supp. 3d 1011, 1042 (D. Colo. 2019).

### C. Plaintiff's Alleged Violation of First Amendment Rights

Plaintiff also objects to the Recommendation arguing that the Town cannot claim it lacked notice that the Amended Complaint's claims were directed at "the temporary residential sign provisions in Section 16-12-70 since a police report in its possession cites those very sign rules." (ECF No. 48, p. 2). A review of the Amended Complaint and Plaintiff's Response to the motions to dismiss establishes that section 16-12-70 was not mentioned and that Plaintiff cited generally to

Chapter 16, Article XII of the Municipal Code. (*See* ECF Nos. 21, 38). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). But even if it was clear that Plaintiff was citing section 16-12-70 of the municipal code, he still failed to state a claim that the municipality was liable due to the execution of a government policy or custom rather than by the individual actions of an officer[2] who violated the town's policy of notifying landowners of a code violation. *Montoya v. Bd. Of Cnty. Comm'rs*, 506 F. Supp. 2d 434, 445 (D. Colo. 2007) ("Municipal liability is limited to deprivations of federally protected rights caused by actions taken pursuant to official municipal policy or custom.").

### D. Requests to Amend or for Supplemental Briefing on the Motions to Dismiss

Plaintiff's requests to have supplemental briefing on the motions to dismiss or to amend the Amended Complaint are denied. Under D.C.COLO.LCivR 7.1, "a motion shall be filed as a separate document" and shall not be filed as a response or a reply to the original motion. The Court will treat Plaintiff's requests within his Objection similarly. Generally, a court will not grant leave to amend when a party fails to file a formal motion. *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014). Federal Rule of Civil Procedure 7(b)(1) requires that the party move the court (1) in writing, (2) stating the particularity of the grounds to amend so that all parties are on notice, and (3) stating the relief sought. Fed. R. Civ. P. 7(b)(1).

---

[2] Plaintiff alleges that Officer J. Rogers is the officer who removed the signs from private property. It does not appear, however, that Rogers was served with a summons or the Amended Complaint. (ECF No. 33). The Court granted Rogers's unopposed motion to stay discovery (ECF No. 36) and it does not appear that Rogers was a party to the civil action. (*See* ECF No. 47, p. 10). Plaintiff fails to contest that Rogers was not a party to the suit and the Court takes this issue to be conceded.

Plaintiff only now requests permission to amend within his Objection to the Recommendation that the Defendants' motions to dismiss be granted. Such a "bare request" is "insufficient to place the court and opposing parties on notice of the plaintiff's request to amend and the particular grounds upon which such a request would be based." *Johnson v. Spencer*, 950 F.3d 680, 721 (10th Cir. 2020). Plaintiff's requests for supplemental briefing to the motions to dismiss and to amend the Amended Complaint are DENIED.

## IV. CONCLUSION

Accordingly, Plaintiff's Objection is OVERRULED, and Magistrate Judge Neureiter's Report and Recommendation is AFFIRMED and ADOPTED as an Order of this Court. Defendants' motions to dismiss are GRANTED. (ECF Nos. 24, 25).

It is FURTHER ORDERED that the Clerk of the Court is directed to close this case.

DATED this 10th day of January 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge